IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **REYNALDO V. LUJAN** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | | **5:23-CV-13** |
| | § | |
| **CITY OF SAN ANTONIO** | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES the City of San Antonio, Defendant in the above styled and numbered cause, and files this Notice of Removal pursuant to 28 U.S.C. § 1446(a).  As grounds for removal, Defendant respectfully shows the following:

## INTRODUCTION

1. On December 8, 2022, Plaintiff Reynaldo V. Lujan filed an Original Petition[1] in Cause No. 2022CI23769 styled *Reynaldo V. Lujan v. City of San Antonio*, in the 408th Judicial District Court, Bexar County, Texas ("State Court Action")[2].

2. The citation was issued on December 14, 2022 and served on the City of San Antonio on December 16, 2022.[3]

---

[1] A certified copy of Plaintiff's Original Petition is attached as Exhibit "A".

[2] Although Plaintiff's Petition refers to San Antonio Park Police in the introductory paragraph, the only Defendant served and named in the caption and body of Plaintiff's Petition is Defendant City of San Antonio.  Further, Courts in the San Antonio Division of the Western District have repeatedly determined the San Antonio Police Department cannot be a party because it is not a jural entity. *See e.g., Gehring v. City of San Antonio*, 2015 WL 225064 *2 (W.D.Tex. Jan. 15, 2015).  Similarly, the San Antonio Park Police is a department of the City of San Antonio and not a separate jural entity.

[3] A certified copy of the Citation and Return of Service is attached as Exhibit "B".

3.      Defendant City of San Antonio is filing its Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b).

## BASES FOR REMOVAL

4.      Removal is proper because Plaintiff's claims present federal questions within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Removal is also proper under 28 U.S.C. § 1441(a) and 1446.

5.      Plaintiff's claims arise from alleged actions under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et. seq. pursuant to 29 U.S.C. § 629, Age in Employment Discrimination Act of 1976, and Title VI of the Civil Rights Act of 1964. Plaintiff claims Defendant discriminated against him on the basis of age, retaliation, and wrongful termination under the Age in Employment Discrimination Act of 1976 and Title VI of the Civil Rights Act of 1964. In addition to unspecified monetary damages, Plaintiff seeks an award of attorney fees and costs under Title VII, 42 U.S.C. 2000e-5(k).[4]

6.      Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings and the orders served upon Defendant in the state court proceeding.[5]

7.      This notice of removal is timely under 28 U.S.C. § 1446(b) because the removal is within thirty (30) days after defendants first accepted service of a copy of a paper from which they could first ascertain that the case is one which is or has become removable. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (Removal deadline runs from date of service); *City of Clarksdale v. BellSouth Telecomms., Inc.,* 428 F.3d 206, 210 (5th Cir. 2005) (same).

---

[4] See Exhibit "A", Plaintiff's Original Petition.
[5] *See* Exhibits "A" and "B".

8.    Venue is proper in the United States District Court, Western District of Texas, San Antonio Division, as the district and division embracing the place where the state action is pending. 28 U.S.C. §§ 1441(a), 1446(a).

9.    Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, Defendant will serve written notice of this removal upon all interested and adverse parties and upon the Clerk of the Court for the 408TH Judicial District Court of the State of Texas, Bexar County, Texas, promptly after filing this Notice of Removal.

## INDEX OF EXHIBITS

10.   All file-stamped pleadings, process, orders and other filings served upon the City of San Antonio in the state court action are attached to this notice as required by 28 U.S.S. 1446(a).  Those filings consist of the following:

    a)  Exhibit A:  Plaintiff's Original Petition;

    b)  Exhibit B:  Citation and Return of Service for Defendant City of San Antonio;

    c)  Exhibit C:  State Court Docket Sheet.

## CONCLUSION AND PRAYER

For the foregoing reasons, Defendant City of San Antonio, respectfully requests that the Court uphold this removal and to retain jurisdiction over this suit.

Respectfully Submitted,

CITY OF SAN ANTONIO
Office of the City Attorney
Litigation Division
International Center
203 S. St. Mary's St., 2nd
Floor San Antonio, Texas
78205
Mailing Address:
P.O. Box 839966

San Antonio, Texas  78283-
3966 Phone: (210) 207-2108
Fax:     (210) 207-4357
Elizabeth.Guerrero-Southard@sanantonio.gov

*/s/ Elizabeth Guerrero-Southard*

Elizabeth  Guerrero-Southard
Assistant City Attorney
SBN: 24032376
Michael J. Urbis
Assistant City Attorney
SBN:  20414130
*Attorneys for Defendant City of San Antonio*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following on this the 5th day of January, 2022 and by email:

Jason J. Jakob
THE JAKOB LAW FIRM, P.C.
The Tetco Center
1100 N.E. Loop 410, Ste. 200
San Antonio, Texas 78209
(210) 226-4500 Telephone
(210) 226-4502 Facsimile
Email: jjakob@thejakoblaw.com
ATTORNEY FOR PLAINTIFF

*/s/ Elizabeth Guerrero-Southard*

ELIZABETH GUERRERO-SOUTHARD