UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REYANLDO V. LUJAN, | § | No. 5:23-CV-00013-DAE |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| CITY OF SAN ANTONIO, | § | |
| *Defendant*. | § | |
| | § | |

ORDER GRANTING (1) MOTION TO DISMISS PURSUANT TO RULE 12(C)
AND (2) GRANTING MOTION FOR SUMMARY JUDGMENT

The matter before the Court is Defendant City of San Antonio's

("Defendant" or "City") Motion to Dismiss Pursuant to Rule 12(c) and/or Motion

for Summary Judgment, filed on November 15, 2024.  (Dkt. # 21.)  On January 11,

2025, Plaintiff Reynaldo V. Lujan ("Plaintiff" or "Lujan") filed his Response in

opposition.  (Dkt. # 25.)  On January 17, 2025, Defendant filed its Reply.  (Dkt.

# 26.)   The Court finds this matter suitable for disposition without a hearing.

After careful consideration of the filings and relevant case law, the Court, for the

following reasons, **GRANTS** the City's Motion to Dismiss pursuant to Rule 12(c)

and Motion for Summary Judgment.  (Dkt. # 21.)

BACKGROUND

This suit arises from Lujan's employment with the San Antonio Park

Police Department ("SAPPD").  On or about September 22, 2021, Lujan filed an

1

initial United States Equal Employment Opportunity Commission ("EEOC")

Charge against the City for discrimination he allegedly suffered on the basis of

age, retaliation, and wrongful termination under the Age in Employment

Discrimination Act of 1976 and Title VI of the Civil Rights Act of 1964.  (Dkt.

# 21-3 at 2.)  On January 22, 2022, Lujan filed an amended EEOC charge for age

discrimination and retaliation.  (Dkt. # 1-1 at 20–21.)  In his Petition, Lujan further

alleges the City "committed a conspiracy to terminate" him.  (Id. at 2.)

          Lujan is a Hispanic male who was 63 years old at the time he

allegedly was not promoted or hired to the position of Academy Instructor with

SAPPD.  (Id. at 4.)  On or about September 16, 2021, a department-wide email was

sent out advertising an opening at the SAPPD Academy as an instructor.  (Id.)

Lujan responded to the email requesting to be considered.  (Id.) About four to six

weeks after not hearing back on his request, Lujan sent an email to Lt. De La Pena

("De La Pena") to inquire whether interviews had been conducted.  (Id. at

5.)  Shortly after, Lujan received an email with interview questions to which he

submitted his responses.  (Id.)

          Later, on November 11, 2021, Lieutenant Robert Jones ("Jones")

called Lujan to inform him that he had been selected for an interview to be

conducted by Jones and Sergeant Gabriel Flores ("Flores").  (Id.)  Lujan was not

selected for the position and alleges that he was more than qualified for the SAPPD

Academy Instructor Position than the persons who were selected, but because of his age, he was discriminated against and denied a fair chance as a candidate for the position.  (Id.)

On December 8, 2022, Lujan filed his original complaint in the 408th District Court of Bexar County asserting claims of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and retaliation by his employer, SAPPD, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  (Id.)  On January 5, 2023, the City filed a notice of removal based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Dkt. # 1 at 1–2.)

On November 15, 2024, the City filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(c) and/or motion for summary judgment pursuant to Fed. R. Civ. P. 56 on Lujan's national origin discrimination claim under Title VII, age discrimination claim under ADEA, and retaliation claim under both Title VII and ADEA.  (Dkt. # 21.)  The motion is ripe for consideration.

LEGAL STANDARD

I.    Rule 12(c)

A Rule 12(c) motion is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir.

2002) (quoting Herbert Abstract Co., Inc. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990)) (internal citations omitted).  Thus, a Rule 12(c) motion should be granted if there is no issue of material fact, and if the pleadings show that the moving party is entitled to judgment as a matter of law.  Greenberg v. Gen. Mills Fun Grp., Inc., 478 F.2d 254, 256 (5th Cir. 1973).

The standard for deciding a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion to dismiss for failure to state a claim.  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).  Thus, "[t]he central issue is whether . . . the complaint states a valid claim for relief."  Great Plains Tr. Co., 313 F.3d at 312 (citations omitted).

In analyzing the complaint, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  Id. at 312–13.  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

II.    Rule 56(c)

Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Vann v. City of Southaven, 884 F.3d 307, 309 (5th Cir. 2018).  The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but they need not negate the elements of the nonmovant's case.  Little v. Liquid Air Corp., 37 F.3d 1069, 1074 (5th Cir. 1994).  "A genuine issue of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Bennett v. Hartford Ins. Co. of Midwest, 890 F.3d 597, 604 (5th Cir. 2018) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial.'"  Kim v. Hospira, Inc., 709 F. App'x 287, 288 (5th Cir. 2018) (quoting Nola Spice Designs, F.3d at 536).  A fact is material if it "might affect the outcome of the suit."  Thomas v. Tregre, 913 F.3d 458, 462 (5th Cir. 2019) (citing Anderson, 477 U.S. at 248).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." Jones v. Anderson, 721 F. App'x 333, 335 (5th Cir. 2018) (quoting Duffie v. United States, 600 F.3d 362, 371 (5th Cir. 2010)). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. Infante v. Law Office of Joseph Onwuteaka, P.C., 735 F. App'x 839, 843 (5th Cir. 2018) (quoting Willis v. Cleco Corp., 749 F.3d 314, 317 (5th Cir. 2014)). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" McCarty v. Hillstone Rest. Grp., Inc., 864 F.3d 354, 357 (5th Cir. 2017) (quoting Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005)). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. Wease v. Ocwen Loan Servicing, LLC, 915 F.3d 987, 992 (5th Cir. 2019).

Additionally, at the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form. See Fed. R. Civ. P. 56(c); Lee v. Offshore Logistical & Transp., LLC, 859 F.3d 353, 355 (5th Cir. 2017). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary

judgment." <u>United States v. Renda Marine, Inc.</u>, 667 F.3d 651, 655 (5th Cir. 2012) (quoting <u>Brown v. City of Houston</u>, 337 F.3d 539, 541 (5th Cir. 2003)).

<u>DISCUSSION</u>

The City moves to dismiss under Rule 12(c) and/or for summary judgment on Lujan's claims that he was wrongfully terminated or that there was a conspiracy to terminate him in this case.  (Dkt. # 21.)  The City argues that: (1) Lujan failed to exhaust administrative remedies because his notice not to return to work is not part of his EEOC Charges and neither of Lujan's EEOC Charges contains an allegation that he was terminated.  (<u>Id.</u> at 7.)

The City also moves for summary judgment on (1) Lujan's discrimination claims under Title VII and the ADEA, and (2) Lujan's retaliation claims under Title VII and the ADEA.  (<u>Id.</u>)  The City first argues that Lujan's Title VII discrimination claim fails because Lujan offers no evidence that SAPPD considered his national origin in his interview process and the instructor positions were not filled by anyone outside of his protected group (Hispanic).  (<u>Id.</u> at 13.) Second, Lujan's age discrimination claim under the ADEA fails because Lujan has no evidence that age was considered in his non-selection to the instructor position or the low ranking he received.  (<u>Id.</u> at 16.)  Lastly, Lujan's retaliation claims fail under Title VII and the ADEA because Lujan's own admissions indicate an

7

absence of facts to support any claim of retaliation by not being selected to the instructor position.  (Id. at 20–21.)

Given that evidentiary arguments are not assessed under Rule 12, the Court finds it appropriate to assess the City's "exhaustion" argument under Rule 12(c), while the City's evidentiary arguments will be appropriately assessed under Rule 56.  See Hale v. Metrex Research Corp., 963 F.3d 424, 427 (5th Cir. 2020) (quoting Machete Prods., L.L.C. v. Page, 809 F.3d 281, 287 (5th Cir. 2015)).

I.    Failure to Exhaust Administrative Remedies

Under Title VII and the ADEA, plaintiffs alleging a cause of action involving employment discrimination must first exhaust their administrative remedies.  Jefferson v. Christus St. Joseph Hosp., 374 Fed. App'x. 485, 489 (5th Cir. 2010).  To properly exhaust, an employee must file an administrative charge with the EEOC.  Id. at 490.  In determining whether a charge sufficiently exhausts a claim, the Fifth Circuit construes the EEOC complaint broadly, but will only find a claim was exhausted if it could have been "reasonably expected to grow out of the charge of discrimination."  Id.  Specifically, the scope of a judicial complaint is limited to the EEOC investigation that could reasonably be expected to arise from the charge.  Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970). However, the Fifth Circuit engages in a fact-intensive analysis of the plaintiff's

statement in the EEOC charge and has willingly looked slightly beyond its four corners.  Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006).

Specific words of the charge of discrimination need not exactly mirror with exactitude subsequent judicial pleadings.  Sanchez, 431 F.2d at 465.  Policy-wise, courts have held that the charges upon which complaints of discrimination are based should be construed liberally to ensure procedural technicalities do not preclude valid claims.  Danner v. Phillips Petroleum Co., 447 F.2d 159, 161–62 (5th Cir. 1971).

On September 22, 2021, Lujan filed his initial EEOC charge.  (Dkt. # 21-3 at 2.)  On January 22, 2022, Lujan filed an amended EEOC charge, alleging discrimination based on retaliation and age.  (Dkt. # 1-1 at 20–21.)  Lujan's amended EEOC charge lists two incidents of discrimination:

1. "I have been discriminated against on the basis of age in violation of the Age Discrimination in Employment Act ('ADEA')," because "I'm better educated than the person picked, I know I have more experience, so the only other thing that stands out to me is age." (Dkt. # 1-1 at 21.)
2. "I have been retaliated against by my employer in violation of Title VII of the Civil Rights Act of 1964 (Title VII)" because "in the last few years I have had several complaints against Captain Wise and Lt. De La Pena and they have on several occasions tried to retaliate and harass me." (Id.)

Lujan's amended EEOC charge alleges no further discrimination involving any incident where he was given notice not to return to work due to "safety concerns" or that there was a conspiracy to terminate him.  (Id. at 20–21.)

Further, although Lujan alleges in his pleadings that on January 26, 2021, he was given notice not to return to work after being accused of leaving his job early, this allegation did not form any part of either of his EEOC charges.  (Id.)  Also, the allegations in the EEOC charge narrowly involve a series of events tied to Lujan's interview process for the academy instructor position with SAPPD.  (Id.)  Further, though Lujan's Complaint alleges a conspiracy based on wrongful termination, neither EEOC charge contains an allegation that he was indeed terminated.  (Id. at 20–21.)  Viewing the EEOC charges in totality, the allegations therein revolve around SAPPD's hiring practices concerning Lujan, rather than the wrongful discharge of Lujan.  (Id.)

Consequently, the pleading insufficiently alleges that Lujan's notice not to return to work or any conspiracy to terminate him is part of his age discrimination or retaliation claims, as these allegations are absent in the charges and are not related enough to the alleged acts of discrimination in either charge to reasonably be expected to grow out of them.  See Jefferson, 374 Fed. App'x at 490. In conclusion, Lujan's claims that he was given notice not to return to work and that a conspiracy to wrongfully terminate him was committed were not administratively exhausted.  The City is therefore entitled to judgment on the pleadings on Lujan's conspiracy to terminate claims.

II.    National Origin Discrimination

The City moves for summary judgment on Lujan's national origin discrimination claim under Title VII.  (Dkt. # 21 at 13.)  In Lujan's Petition, he alleges that he was discriminated against "based off" [being a] "Hispanic male." (Dkt. # 1-1 at 4.)  The City argues that Lujan's claim fails to demonstrate evidence that the person selected for the position he sought was outside of the protected group and Lujan has no evidence that anyone at SAPPD considered his national origin when making the selections for the instructor positions.  (Dkt. # 21 at 13.)

Title VII makes it unlawful for an employer to fail or refuse to hire or discharge, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of the individual's race, color, sex or national origin.  42 U.S.C. §2000e-2(a)(1).  A plaintiff can demonstrate a prima facie case of discrimination by establishing: (1) she is a member of a protected group; (2) she was qualified for the position; (3) she was discharged or suffered some adverse personnel action by the employer; and (4) was replaced by someone outside of her protected group or was treated less favorably than other similarly situated employees outside the protected group. Roberson-King v. La. Workforce Comm'n, 904 F.3d 377, 381 (5th Cir. 2018).

However, Title VII claims based on circumstantial evidence are subject to the burden-shifting framework with the following requirements: (1) plaintiff must establish a prima facie case of discrimination creating an inference

of unlawful discrimination; (2) burden of proof shifts to the defendant to proffer a legitimate nondiscriminatory reason for the challenged employment action; and (3) the plaintiff must produce evidence that the proffered reason is simply a pretext for discrimination.  <u>McDonnell Douglas v. Green</u>, 411 U.S. 792, 802 (1973).

 To augment its motion, the City provides Lujan's deposition testimony.  (Lujan Dep., Dkt. # 21-5.)  According to his testimony, Lujan admitted that he was not claiming he was discriminated against because he is Hispanic.  (<u>Id.</u> at 5–6.)  The City also puts forth affidavits collected from Captain Wise ("Wise") and De La Pena, which demonstrate neither of them directed the interview panel on who and how to rank and select the candidates.  (De La Pena Aff., Dkt. # 21-1; Wise Aff., Dkt. # 21-2.)  Further, Flores's affidavit states that Lujan's national origin was not considered in the hiring process.  (Flores Aff., Dkt. # 21-6 at 3.)  Additionally, Wise's affidavit states that the two selections for the position, Arturo Palominos and Mark Sanchez, are both Hispanic males.  (Wise Aff., Dkt. 21-2 at 2–3.)  Thus, the two candidates chosen for the position do not fall outside of Lujan's protected group.

 Indeed, in response, Lujan either waives or does not appear to argue that he was discriminated against because he is Hispanic.  Accordingly, the Court finds that Lujan fails to meet his burden of pointing to specific evidence in the record to establish he was discriminated against based on his national origin.

Given the absence of a genuine issue of material facts, summary judgment on the national origin issue is granted in favor of the City.

III.    Age Discrimination Under ADEA

   The City disputes Lujan's allegation of age discrimination under the ADEA as lacking evidence that age was a factor in his "non-selection" to the SAPPD Academy Instructor position or the low ranking that he received in the interview process. (Dkt. # 21 at 16.) The City argues that Lujan presents no evidence demonstrating that Flores or Jones considered Lujan's age when making their selections. (Id. at 13–14.) Further, the City asserts Lujan's own admissions demonstrate that age was not the reason he did not receive the position or ranked last of the interviewed candidates. (Id. at 14.)

   The ADEA makes it unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of an individual's age. 29 U.S.C. § 623(a)(1). A plaintiff can establish a prima facie case of age discrimination by demonstrating: (1) he was discharged; (2) he was qualified for the position; (3) he was within a protected class at time of discharge; and (4) he was either replaced by someone outside of the protected class, replaced by someone younger, or otherwise discharged because of his age. Berquist v. Wash. Mut. Bank, 500 F.3d 344, 349 (5th Cir. 2007). A plaintiff can

also establish the first element by demonstrating they were denied a promotion. Rachid v. Jack in the Box, Inc., 376 F.3d 305, 309 (5th Cir. 2004).

Ultimately, a plaintiff can demonstrate age discrimination through either direct evidence or circumstantial evidence. Id. The Fifth Circuit assesses ADEA age-discrimination claims relying on circumstantial evidence under the McDonnell Douglas analysis. See Allen v. United States Postal Serv., 63 F.4th 292, 301 (5th Cir. 2023).

A plaintiff can demonstrate pretext in the McDonnell Douglas analysis by showing evidence of disparate treatment or inaccuracy of the legitimate reasons offered by the employer. Salazar v. Lubbock Cty. Hosp. Dist., 982 F.3d 386, 389 (5th Cir. 2020). In assessing whether the employer's stated reason is false, the trier of fact may not disregard the defendant's explanation without countervailing evidence that it was not the real reason for the discharge. EEOC v. La. Off. of Cmty. Servs., 47 F.3d 1438, 1443 (5th Cir. 1995). A fact finder can infer pretext if it finds that the employee was clearly more qualified as opposed to merely better or as qualified than the employees who are selected. Id. at 1444. Evidence demonstrating the falsity of the defendant's explanation in conjunction with the prima facie case, is likely to support an inference of discrimination even without further evidence of the defendant's true motive. Sanstad v. CB Richard Ellis, 309 F.3d 893, 897 (5th Cir. 2002). Ultimately, the plaintiff can survive

summary judgment by producing evidence that creates a jury issue as to the employer's discriminatory state of mind or the falsity of the employer's legitimate nondiscriminatory explanation.  Id.

> A.    Discharge Based Claim

The City contends that Lujan cannot meet the first element of a prima facie age discrimination claim involving an employee discharge because Lujan was never terminated.  (Dkt. # 21 at 8.)  Specifically, the City argues that any claim Lujan is attempting to pursue because he claims he was terminated is subject to dismissal.  (Id.)  The Court agrees.  As discussed above, Lujan's own admissions, sworn in testimony, demonstrate he was never discharged or terminated.  (Lujan Dep., Dkt. # 21-5 at 32.)  Further, Lujan's EEOC charges never allege that he was terminated.  (Dkt. # 1-1 at 20–21.)  Accordingly, the Court finds that the first element of Lujan's age discrimination claim regarding termination is not an issue that is disputed.  Therefore, summary judgment is granted in favor of the City.

> B.    Failure to Promote Based Claim

Additionally, the City argues that it is entitled to summary judgment on Lujan's age discrimination claims on the basis that Lujan has no evidence that age was a factor in his non-selection to the position or the ranking that he received. (Dkt. # 21 at 16.)  Specifically, the City argues Lujan's age was not the reason for his non-selection.  (Id. at 12.)

The City provides affidavits from De La Pena and Wise to establish the legitimacy and integrity of SAPPD's hiring practices as they concern Lujan. (Dkts. ## 21-1; 21-2.)  De La Pena's affidavit states he did not participate nor provide input in the interviews, evaluation of the candidates, the ranking of the candidates, or the final selections.  (De La Pena Aff., Dkt. # 21-1 at 2.)  Further, De La Pena states he deferred to the selections made in the interview panel.  (Id.)  Wise's affidavit states he did not participate in or provide input in the interviews, evaluation of the candidates, the ranking of the candidates, or the selections either. (Wise Aff., Dkt. # 21-2 at 2.)  Wise also states he deferred to the selections made by the interview panel.  (Id.)

Additionally, Flores's affidavit states that while he did consider Lujan's resume to be strong, Lujan was not strong in the areas needed to be an instructor.  (Flores Aff., Dkt. # 21-6 at 2.)  Flores states that during the interview, Lujan did not provide the requested educational philosophy, nor did he have lesson planning experience, and had not done classroom instruction in a while.  (Id.) Flores states Arturo Palominos and Mark Sanchez, the selected instructors, both had more experience developing lesson plans and course instruction than Lujan. (Id. at 2–3.)  Finally, Flores states that he did not receive any direction, instruction, or communication from anyone regarding how to rank and select the candidates. (Id. at 3.)  Thus, the Court finds that the City has sufficiently offered a legitimate,

nondiscriminatory reason for Lujan's non-selection and low ranking, thereby shifting the burden to Lujan to show the foregoing is pretextual.  See Allen, 63 F.4th at 301.

In response, Lujan argues that each of his rejections for previous positions cumulatively demonstrates a pretext of further age discrimination.  (Dkt. # 25 at 9.)  Lujan's only proffered evidence to contest the City's justification for not selecting him for the SAPPD Instructor Position is (1) his "Sworn Charge of Complaint" included in his EEOC filings (Dkt. # 1-1 at 24–39), and (2) his answers to the City's requests for production (Dkt. # 25-1 at 1–10), which do nothing to establish his claims that the City's reasons were pretextual.

The City replies that Lujan has failed to address the evidence filed by the City in its motion demonstrating the reasons for his low ranking by the selection panel.  (Dkt. # 26 at 1, 4.)  The City argues the only claim Lujan puts forth is that he applied for eight different jobs and was denied each promotion.  (Id. at 4–5.)

The Court adheres to the Fifth Circuit's standard that a trier of fact may not disregard the defendant's explanation without countervailing evidence demonstrating the defendant's reasons were not the real reason for discharge or failure to promote.  See La. Off. of Cmty. Servs., 47 F.3d at 1443.  The Court agrees that Lujan does not counter the evidence offered by the City because he

does not establish the falsity of the City's legitimate explanation as to Lujan's non-selection or low ranking.  Id.  Lujan offers no evidence in support of his assertion that the City's reasons for his non-selection were pretextual.

Based on the foregoing, the Court finds there is no evidence in the record to support that Lujan has satisfied the third prong of the McDonnell Douglas framework under the ADEA.  Therefore, Lujan's age discrimination claims under the ADEA fail as a matter of law, and summary judgment is granted in favor of the City on this issue.

## IV.    Retaliation Under Title VII and ADEA

Lastly, the City argues it is entitled to summary judgment on Lujan's retaliation claim under Title VII and the ADEA because there is a lack of causation or connection with Lujan's complaints and his non-selection to the instructor position.  (Dkt. # 21 at 21.)  Additionally, the City asserts that the evidence demonstrating the legitimate non-discriminatory reasons for Lujan's non-selection to the instructor position applies equally to the non-retaliatory reasons Lujan was not selected under both the Title VII and ADEA claims.  (Id. at 19.)

Principles analyzing retaliation claims under the ADEA closely align with those used to analyze retaliation claims under Title VII, given that both frameworks rely on consistent elemental, evidentiary, and burden-shifting frameworks.  See Ray v. Iuka Special Mun. Separate Sch. Dist., 51 F.3d 1246,

1249 (5th Cir. 1995) (applying the same elemental and burden-shifting frameworks utilized in retaliation Title VII claims to a retaliation ADEA claim); see also Norsworthy v. Hous. Indep. Sch. Dist., 70 F.4th 332, 336 (5th Cir. 2023) (same).

A plaintiff can make out a prima facie retaliation claim by showing: (1) engagement in a protected activity; (2) an adverse employment action; and (3) a causal connection between the two. January v. City of Huntsville, 74 F.4th 646, 653 (5th Cir. 2023). The McDonnell Douglas burden-shifting framework applies to retaliation claims as well. Cox v. DeSoto Cnty., Miss., 407 Fed. Appx. 848, 850 (5th Cir. 2011). However, once an employer provides non-retaliatory reasons for the adverse employment action, the plaintiff must show that the adverse action would not have occurred "but for" the protected activity. Medina v. Ramsey Steel Co., 238 F.3d 674, 684 (5th Cir. 2001).

Concerning the first element, a protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a). A plaintiff need not establish that the practice opposed was "actually unlawful, but only that he had a 'reasonable belief that the employer was engaged in unlawful employment practice.'" Heggemeier v. Caldwell Cnty., 826 F.3d 861, 869 (5th Cir. 2016) (citing Byers v. Dall. Morning News, Inc., 209 F.3d 419, 428 (5th Cir. 2000)). An

adverse employment action is one that "a reasonable employee would have found to be materially adverse, which means it well might have dismayed a reasonable worker from making or supporting a charge of discrimination." Puente v. Ridge, 324 Fed. App'x 423, 429 (5th Cir. 2009) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)).  The Fifth Circuit has acknowledged that "close timing between an employee's protected activity and an adverse employment action against him may provide the 'causal connection' required to make out a prima facie case of retaliation." Heggemeier, 826 F.3d at 870.  Further, a causal link is established when the evidence demonstrates that the employer's decision to take the adverse action was based, in part, on knowledge of the employee's protected activity.  Medina, 238 F.3d at 684.

The plaintiff must reveal a conflict in substantial evidence on the issue of retaliation in order to withstand a motion for summary judgment.  Cox, 407 Fed. App'x at 851.  "Evidence is substantial when it is of such quality and weight that a reasonable and fair minded person in the exercise of impartial judgment might reach different conclusions."  Id.

It is undisputed Lujan engaged in a "protected activity" by filing his initial September 2021 EEOC Charge.  However, the City contends Lujan fails to demonstrate a causal connection between his protected activity and the alleged adverse personnel action.  (Dkt. # 21 at 19.)  Specifically, the City states Lujan

does not have evidence that Flores or Jones knew of any protected activity Lujan allegedly engaged in or that when they made their selections, they considered his prior complaints or allegations. (Id.) Further, the City argues that Lujan does not have evidence that "but-for" his complaints or allegations, he would not have been ranked last or would have been selected for a position at SAPPD. (Id. at 19–20.) Here, Flores's affidavit states he has no knowledge of any EEOC complaints or charges filed by Lujan with any agency or department. (Id.) Instead, Flores states he heavily weighed lesson planning and classroom instructor experience in the interview process, and his selections were based on the information obtained during the candidates' interviews. (Id. at 2–3.)

Also, Lujan states in his deposition that he did not have any facts to support that the Sergeant considered some complaint Lujan had filed in the past to use against him during his interview and ranking process. (Lujan Dep., Dkt. # 21-5 at 9.) Further, Lujan admits that Jones had not retaliated against him in any form in relation to his non-selection or low ranking. (Id.) Finally, Lujan states that he did not know who made the final determination on who would receive the final training academy slots. (Id.) Thus, the City's evidence demonstrates that Lujan's non-selection or low ranking was not borne out of retaliation in relation to his prior complaints and grievances, but rather because the interview panel did not consider

him to be strong in the areas required for an instructor.  (Flores Aff., Dkt. # 21-6 at 2–3.)

Nonetheless, Lujan argues his affidavit contains testimony that contests the proffered legitimate non-retaliatory reasons contained in the City's employee affidavits.  (Dkt. # 25 at 8.)  Specifically, Lujan argues the testimony in his affidavit formulates a scheme of competing affidavits with the defendant's employees, thereby creating a disputed issue for the fact finder at trial to determine the credibility and weight of the testimony.  (Id.)  However, without any evidence to dispute whether those involved in the hiring process knew of his prior complaints and grievance, Lujan does not establish a causal connection between a protected activity and an adverse employment action.  Medina, 238 F.3d at 684.

Therefore, the Court agrees that Lujan fails to respond to the summary judgment evidence the City puts forth regarding the reasons offered for his non-selection to the position.  Lujan also fails to address his own testimony in relation to his retaliation claim.  (Dkt. # 26 at 3.)  Under the third element of a retaliation claim under Title VII and the ADEA, the City meets its burden of offering evidence that Lujan cannot demonstrate a causal connection between his previous complaints and grievances, and his non-selection to a promotional position as a SAPPD Academy Instructor.  (Flores Aff., Dkt. # 21-6 at 3.)

Lujan fails to create a fact issue on the third element of his retaliation claim under Title VII and the ADEA.  See Medina, 238 F.3d at 684.  Therefore, summary judgment on this issue is granted in favor of the City.

CONCLUSION

Based on the foregoing, the Court **GRANTS** the City's Motion to Dismiss Pursuant to Rule 12(c) and/or Motion for Summary Judgment Pursuant to Rule 56.  (Dkt. # 21.)  The motion to dismiss pursuant to Rule 12(c) is **GRANTED** as to Lujan's wrongful termination claim.  Summary judgment is **GRANTED** as to Lujan's remaining claims of national origin discrimination under Title VII, age discrimination under ADEA, and retaliation claim under Title VII and ADEA.

Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.** The Clerk's Office is **INSTRUCTED TO ENTER JUDGMENT** and **CLOSE THE CASE**.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, June 11, 2025.

_____
David Alan Ezra
Senior United States District Judge